**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | CRIMINAL ACTION |
| ) | No. 08-20033-01-KHV |
| v. ) | |
| ) | CIVIL ACTION |
| NORMAN E. ELMER, ) | No. 17-2219-KHV |
| ) | |
| Defendant. ) | |
| ) | |

## **MEMORANDUM AND ORDER**

On March 11, 2009, the Court sentenced defendant to 18 months in prison and five years of supervised release. This matter is before the Court on defendant's letter (Doc. #90) filed February 24, 2017, which the Court construes as a motion to vacate his conviction under 28 U.S.C. § 2255. For reasons stated below, the Court overrules defendant's motion and denies a certificate of appealability.

### **Procedural Background**

On February 27, 2008, a grand jury indicted defendant for failing to update a registration under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250. See Indictment (Doc. #1). Defendant filed a motion to dismiss which asserted that (1) Section 2250 is invalid because Congress lacked authority under the Commerce Clause to criminalize a local sex offender's failure to register in a state-created registry; (2) SORNA's registration requirements were invalid because Congress lacked authority under the Commerce Clause to force citizens who have been convicted under state law to register as sex offenders; (3) as applied to his travel before February 28, 2007 (when the Attorney General issued the interim rule), SORNA violated the ex post facto clause; (4) Section 2250 was not made retroactive to offenses

which occurred before its effective date and even if it was retroactive, defendant's prosecution violated the ex post facto clause; (5) the Attorney General's regulation was invalid because it was issued without a notice and comment period in violation of the Administrative Procedures Act; (6) SORNA violated the non-delegation doctrine because Congress attempted to delegate to the Attorney General the power to determine the retroactivity of the registration requirements; (7) defendant's prosecution under Section 2250 violated his right to due process because he did not receive notice of SORNA's requirements when he was convicted of the underlying offense, it was impossible for him to comply with SORNA because Kansas has not adopted a SORNA-compliant registry and he could not "knowingly" violate SORNA because no state had adopted a SORNA-compliant registry; (8) Section 2250 violated the Tenth Amendment because it forced state officials to enforce a federal regulatory scheme; and (9) as applied, SORNA infringed on defendant's constitutional right to travel. On September 23, 2008, the Court overruled defendant's motion to dismiss. See Memorandum And Order (Doc. #34).

On November 24, 2008, defendant pled guilty to failing to update a registration under SORNA. On March 11, 2009, the Court sentenced defendant to 18 months in prison and five years of supervised release. See Judgment In A Criminal Case (Doc. #47). Defendant did not appeal. On April 29, 2011, after defendant violated the terms of his supervised release, the Court sentenced him to eight months in prison and five years of supervised release. See Judgment In A Criminal Case (Doc. #59). On November 3, 2015, after defendant again violated the terms of his supervised release, the Court sentenced him to 21 months in prison with no supervised release to follow. See Judgment In A Criminal Case (Doc. #86). On March 16, 2017, the BOP released defendant.

On October 3, 2016, defendant filed a motion to expunge his conviction because (1) SORNA

was not in effect in 1981 when he was convicted of a sex offense and (2) he is fully rehabilitated. On October 11, 2016, the Court overruled defendant's motion. See Memorandum And Order (Doc. #88).

On February 24, 2017, defendant filed the instant letter which the Court construes as a motion to vacate his conviction under 28 U.S.C. § 2255. Liberally construed, defendant's motion alleges that his conviction for failure to update his registration was erroneous and his name should be removed from the sex offender registry because (1) the indictment did not allege that he received notice of the requirement to register under SORNA and (2) the record demonstrates that he did not in fact receive notice until his arrest in this case. See Doc. #89 at 6.

## Analysis

When defendant filed his motion, he was in the custody of the Bureau of Prisons ("BOP"). Accordingly, the Court construes defendant's motion as one to vacate his conviction under 28 U.S.C. § 2255.

## I.     Relief Under 28 U.S.C. § 2255

### A.     Defendant's Motion Is Not Moot

On March 16, 2017, the BOP released defendant. Because the Court did not impose a term of supervised release on the revocation sentence, defendant is no longer in custody. The Court initially evaluates whether defendant's motion is moot.

To maintain a Section 2255 claim after release, a defendant must show "some concrete and continuing injury other than the now-ended incarceration or parole" or some "collateral consequence" of the conviction. See Spencer v. Kemna, 523 U.S. 1, 7 (1998). If a defendant challenges his conviction under Section 2255 and is released while his petition is pending, federal

-3-

courts presume that "a wrongful criminal conviction has continuing collateral consequences." United States v. Wilson, 525 F. Supp.2d 691, 694 (D. Del. 2007) (quoting Spencer, 523 U.S. at 8). Arguably, defendant's conviction for failure to update his registration has a collateral consequence that he must continue to register under SORNA. The Court therefore assumes that defendant has a viable case or controversy.[1] See United States v. Romera-Vilca, 850 F.2d 177, 179 (3d Cir. 1988) (motion to vacate not moot when defendant released from custody because he faced collateral consequence of potential deportation). Cf. Bailey v. United States, No. CR-08-IPJ-PWG-0408-S, 2013 WL 4851679, at *5 (N.D. Ala. Sept. 10, 2013) (presumption does not apply when prisoner challenges sentence, not some aspect of conviction itself); Guzman v. United States, 2007 WL 1821698 *1 (S.D.N.Y. June 26, 2007) (same).[2]

---

[1] The Tenth Circuit has cautioned district courts against re-characterizing a motion as a Section 2255 motion without the petitioner's consent because it could trigger a bar on a successive Section 2255 motion. See United States v. Apodaca, 90 F. App'x 300, 303 (10th Cir. Jan. 30, 2004). In this case, however, because defendant is no longer in custody or on supervised release, he can no longer file a Section 2255 motion to challenge any aspect of his conviction including any collateral consequences. See 28 U.S.C. § 2255(a) (only petitioner "in custody" may pursue relief). Accordingly, defendant is not prejudiced if the Court construes his present motion under Section 2255.

[2] Defendant's claims appear to be barred because he did not file a direct appeal and in the plea agreement, he waived his right to collaterally attack his conviction. Plea Agreement ¶ 9, attached to Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #39); see United States v. Campos-Guel, No. 09-2141, 2009 WL 4282837, at *1 (10th Cir. Dec. 2, 2009) (Section 2255 not substitute for arguments that could have been raised on direct appeal); United States v. Allen, 16 F.3d 377, 378 (10th Cir. 1994) (Section 2255 not available to test legality of matters which should have been raised on appeal); see also United States v. Addonizio, 442 U.S. 178, 184 (1979) (error that may justify reversal on direct appeal will not necessarily support collateral attack on final judgment). A court may raise procedural bars *sua sponte* but must afford the movant an opportunity to respond to the defense. See United States v. Warner, 23 F.3d 287, 291 (10th Cir. 1994); see also United States v. Barajas-Diaz, 313 F.3d 1242, 1247 (10th Cir. 2002) (court may raise procedural bar *sua sponte* where transcendent interests served by that defense warrant it). Because defendant's claims obviously lack merit, in the interests of judicial efficiency, the Court does not consider these procedural bars.

B.  Substantive Merit

The standard of review of Section 2255 petitions is quite stringent. The Court presumes that the proceedings which led to defendant's conviction were correct. See Klein v. United States, 880 F.2d 250, 253 (10th Cir. 1989).

Defendant argues that his conviction for failure to update his registration was erroneous because (1) the indictment did not allege that he received notice of the requirement to register under SORNA and (2) the record demonstrates that he did not in fact receive notice until his arrest in this case. See Doc. #89 at 6. Initially, the Court rejects defendant's challenge to the sufficiency of the indictment. The indictment alleges that defendant knowingly failed to update his registration. Actual notice that federal law required him to update his registration is not an essential element of the charge. United States v. Shenandoah, 595 F.3d 151, 159 (3d Cir. 2010), abrogated on other grounds by Reynolds v. United States, 565 U.S. 432 (2012).[3] On defendant's motion to dismiss, the Court rejected a similar argument as follows:

> Defendant argues that in violation of the due process clause of the Fifth Amendment, he did not receive adequate notice that he was required to register under SORNA. Defendant notes that he was convicted in 1981, well before SORNA was enacted.
>
> Lawmakers have wide latitude to declare an offense and to exclude elements of knowledge and diligence from its definition. Lambert v. California, 355 U.S. 225, 228 (1957). Ignorance of the law therefore ordinarily does not excuse criminal activity. See id. Due process, however, places some limit on this principle particularly where the conduct is wholly passive, such as a mere failure to register, and the individual is unaware of any wrongdoing. See id. In Lambert, a city ordinance made it unlawful for a felon "to be or remain in Los Angeles for more than five days without registering." Id. at 226. The Supreme Court held that consistent

---

[3] In 2012, the Supreme Court held that SORNA could not be applied retroactively until the Attorney General so specified. Reynolds, 565 U.S. at 445-46. Reynolds does not suggest that the government must allege and prove that defendant had actual notice of the Attorney General's action.

with due process principles, an individual could not be convicted under the ordinance where the person "did not know of the duty to register and where there was no proof of the probability of such knowledge." Id. at 229.

The government has presented ample evidence of defendant's knowledge of his duty to register under SORNA to survive a motion to dismiss. Defendant acknowledged his obligation to register as a sex offender under state law. See Exhibits 1 and 4 to Government's Response (Doc. #22). Such an acknowledgment demonstrated "proof of the probability" of his knowledge of a duty to register under federal law. Lambert, 355 U.S. at 229; see [United States v.] May, [535 F.3d 912,] 2008 WL 2917766, at *8 (8th Cir.) [(2008)] (due process rights not violated in SORNA prosecution because based on previously enacted state laws, defendant knew of obligation to register and keep registration current when moving between jurisdictions); [United States v.] Shenandoah, [Nos. 07-CR-0500, 08-CR-0196,] 2008 WL 3854454, at *5 [(M.D. Pa. Aug. 20, 2008)] (knowledge of state law registration requirement is proof of probability that defendant knew of duty under SORNA); [United States v.] Gould, 526 F. Supp.2d [538,] 544-45 [(D. Md. 2007)] (defendant's understanding of registry process in Pennsylvania and West Virginia demonstrates that he was not passive participant who was unaware of illegality of failing to register). A defendant can violate SORNA by failing to register or update a SORNA imposed registration obligation or a registration obligation imposed by another law. [United States v.] Zuniga, [No. 07CR3156,] 2008 WL 2184118, at *15 [(D. Neb. May 23, 2008)]; see Shenandoah, 2008 WL 3854454, at *8; see also United States v. David, No. 08CR11, 2008 WL 2045830, at *6-8 (W.D.N.C. Apr. 18, 2008) (violation of any registration statute also violation of SORNA).

In addition to state registration requirements, defendant had constructive notice that he was subject to future regulation under federal law based on the nature of his offense as a sex crime. Shenandoah, 2008 WL 3854454, at *9; [United States v.] Hinen, 487 F. Supp.2d [747,] 754 [(W.D. Va. 2007)]. The United States District Court for the Western District of Virginia noted as follows:

> Few offenders have ever had relevant sections of the U.S. Code read to them before committing their crimes, yet they are expected to comply with it even so. Owners of firearms, doctors who prescribe narcotics, and purchasers of dyed diesel are all expected keep themselves abreast of changes in the law which affect them, especially because such people are on notice that their activities are subject to regulation. Sex offenders are no different; they must comply with the law even when it changes suddenly and without notice, and they are well advised to periodically check for changes because they are particularly subject to regulation.

> United States v. Roberts, No. 07-CR-70031, 2007 WL 2155750, at *2 (W.D. Va. July 27, 2007) (internal citations omitted). As a sex offender, a defendant could not reasonably expect to be free from regulation when he traveled to another jurisdiction. See Shenandoah, 2008 WL 3854454, at *9; Hinen, 487 F. Supp.2d at 754. Defendant's actual knowledge of his duty to register as a sex offender under state law and the nature of his offense as a sex crime is sufficient to satisfy due process under SORNA. Shenandoah, 2008 WL 3854454, at *9; Zuniga, 2008 WL 2184118, at *15.

Memorandum And Order (Doc. #34) at 15-17.

The Court also rejects defendant's claim that the record does not establish that he had actual notice of a registration requirement. After the Court overruled defendant's motion to dismiss, he pled guilty to knowingly failing to update his registration under SORNA. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #39) at 1; see Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (attached to Doc. #39), ¶ 1 ("defendant admits to knowingly committing this offense"). As part of the plea agreement, defendant admitted that on August 8, 1991, he signed a notification from California authorities acknowledging that "he understood he was required to register within 14 days of moving into a new city or county with the law enforcement agency having jurisdiction over where he resided" and that "if he changed his address he was required to provide written notification to the last law enforcement agency with which he was registered within 10 days after moving." Plea Agreement, ¶ 2. Defendant also admitted that in February or March of 2007, he signed a notification from New York authorities acknowledging that he had a duty to inform them of "any intended address change within 10 days prior to moving." Id. Absent a believable reason justifying departure from their apparent truth, the accuracy and truth of an accused's statements at a Rule 11 proceeding at which his plea is accepted are conclusively established. United States v. Glass, 66 F. App'x 808, 810 (10th Cir. June 3, 2003); United States v. Bambulas, 571 F.2d 525, 526

(10th Cir. 1978).[4]

For reasons stated above and substantially the reasons stated in the Court's <u>Memorandum And Order</u> (Doc. #34), the Court overrules defendant's claims based on (1) the sufficiency of the indictment regarding his notice of a registration requirement and (2) his actual notice of a registration requirement.[5]

C. Conclusion

The files and records in this case conclusively show that defendant is not entitled to relief. Moreover, defendant does not allege specific and particularized facts which, if true, would entitle him to relief. Accordingly, no evidentiary hearing or response by the government is required. <u>See</u> 28 U.S.C. § 2255; <u>United States v. Cervini</u>, 379 F.3d 987, 994 (10th Cir. 2004) (standard for evidentiary hearing higher than notice pleading); <u>United States v. Kilpatrick</u>, 124 F.3d 218 (Table),

---

[4] In addition to defendant's admissions during the plea proceeding, the Court notes that in his letter filed in October of 2016, he did not deny that he had committed the underlying crime in 1981. <u>See</u> Letter (Doc. #87) filed October 3, 2016 at 1-2. Instead, he asked for leniency because he had not been accused of "any other sex type offense" since 1981 and SORNA was not in effect at the time of the underlying offense. <u>Id.</u> at 1. Defendant did not dispute that he knew of the reporting requirement. Likewise, the <u>Presentence Investigation Report</u> ("PSIR") reflects that when he was arrested, defendant told a law enforcement officer that he had moved to Kansas so that he would not be known as a sexual offender. <u>See</u> PSIR ¶ 11. He also told the officer that he should not have to register as the prior "crime was a one time mistake and occurred a long time ago, prior to the law requirement for registering." <u>Id.</u> Defendant has not presented credible evidence that he is actually innocent of the offense of failure to update his registration or the underlying offense in 1981.

[5] Defendant also asks the Court to remove his name from the sex offender registry because his 1981 conviction in California did not involve an underage female. Defendant has not shown that the Court has authority to grant such relief under Section 2255. In any event, it appears that the age of the victim was not an essential element of the offense and that the offense triggered a reporting requirement under SORNA because it involved "force, violence, duress, menace or threat of great bodily harm." PSIR ¶ 34; <u>see</u> 42 U.S.C. § 16911. In addition, as explained in a prior order, the Court finds no basis on which to expunge his conviction under SORNA. <u>See</u> <u>Memorandum And Order</u> (Doc. #88).

-8-

1997 WL 537866, at *3 (10th Cir. 1997) (conclusory allegations do not warrant hearing); United States v. Marr, 856 F.2d 1471, 1472 (10th Cir. 1988) (no hearing required where court may resolve factual matters raised by Section 2255 petition on record); United States v. Barboa, 777 F.2d 1420, 1422-23 (10th Cir. 1985) (hearing not required unless petitioner's allegations, if proved, would entitle her to relief and allegations not contravened by record).

### D. Certificate Of Appealability

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the Court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2).[6] To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Saiz v. Ortiz, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (quoting Tennard v. Dretke, 542 U.S. 274, 282 (2004)). For reasons stated above, the Court finds that defendant has not satisfied this standard. The Court therefore denies a certificate of appealability as to its ruling on defendant's Section 2255 motion.

## II. Potential Relief Under 28 U.S.C. § 1651

Because defendant is no longer in custody, defendant could potentially refile, or the Court could construe, his present motion as a motion for a writ of coram nobis under 28 U.S.C. § 1651. See United States v. Estrada, 580 F. App'x 672, 673 (10th Cir. 2014) (defendant may seek writ of coram nobis if he is no longer in custody and therefore ineligible for relief under 28 U.S.C. § 2255);

---

[6] The denial of a Section 2255 motion is not appealable unless a circuit justice or a circuit or district judge issues a certificate of appealability. See Fed. R. App. P. 22(b)(1); 28 U.S.C. § 2253(c)(1).

see also Rawlins v. Kansas, 714 F.3d 1189, 1196 (10th Cir. 2013) (coram nobis applies where petitioner alleges defects that existed before judgment that would otherwise be raised in habeas proceedings but for petitioner no longer being in custody). A writ of error coram nobis is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice. 28 U.S.C. § 1651(a); United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994). To obtain relief, petitioner must demonstrate that (1) he diligently pursued the claim, (2) other remedies are unavailable or inadequate and (3) a fundamental error occurred, i.e. the error resulted in a complete miscarriage of justice. United States v. Thody, 460 F. App'x 776, 778 (10th Cir. 2012) (citing United States v. Morgan, 346 U.S. 502, 511-12 (1954) and Embrey v. United States, 240 F. App'x 791, 793-94 (10th Cir. 2007)).

Defendant fails to show that other remedies are unavailable or inadequate. Defendant filed a motion to dismiss which raised several of the claims in his current motion, but the Court overruled the motion. See Memorandum And Order (Doc. #34). Defendant did not appeal his conviction or sentence. Defendant recently filed his claims seeking to vacate his conviction under Section 2255, but the Court has overruled his motion. Defendant cannot use the writ of coram nobis to raise issues that were or could have been raised on direct appeal or in a motion under 28 U.S.C. § 2255. See Embrey, 240 F. App'x at 794; see also United States v. Perceval, 563 F. App'x 592, 594 (10th Cir. 2014) (defendant not entitled to relief because remedies of direct appeal and Section 2255 were adequate); United States v. Vasquez, 515 F. App'x 757, 758 (10th Cir. 2013) (because defendant failed to show he could not have raised claims in Section 2255 motion, he cannot challenge conviction or sentence through writ of coram nobis); Bradshaw, 86 F.3d at 166 (failure to obtain relief under Section 2255 does not establish that remedy is either inadequate or ineffective).

Defendant also has not shown a "complete miscarriage of justice." Thody, 460 F. App'x at 778. In his letter filed in October of 2016, defendant did not deny that he committed the underlying crime in 1981. See Letter (Doc. #87) filed October 3, 2016 at 1-2. Instead, he asked for leniency because he had not been accused of "any other sex type offense" since 1981 and SORNA was not in effect at the time of the underlying offense. Id. at 1. Defendant did not dispute that he knew of the reporting requirement. Indeed, he pled guilty to knowingly failing to update his sex offender registration. Likewise, the presentence investigation report reflects that when he was arrested, defendant told a law enforcement officer that he had moved to Kansas so that he would not be known as a sexual offender. See PSIR ¶ 11. He also told the officer that he should not have to register as the prior "crime was a one time mistake and occurred a long time ago, prior to the law requirement for registering." Id. Defendant's motion also reflects that he and his counsel knew about the basis of his present claims before he pled guilty. See Doc. #89 at 2 (during pendency of charges, counsel verified that no underage victim was involved in prior conviction but inexplicably failed to tell court); see also id. at 6 (pleaded guilty only on counsel's advice despite lack of knowledge about requirement to register). Defendant has not presented credible evidence that a "complete miscarriage of justice" occurred.

For reasons stated above, the Court declines to construe defendant's present motion as one for a writ of coram nobis.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #90) filed February 24, 2017, which the Court construes as a motion to vacate his conviction under 28 U.S.C. § 2255, is **OVERRULED**.

**IT IS FURTHER ORDERED** that a certificate of appealability as to the ruling on

-11-

defendant's Section 2255 motion is **DENIED**.

Dated this 20th day of April, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge
