# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | CRIMINAL ACTION |
| | ) | No. 08-20033-01-KHV |
| v. | ) | |
| | ) | CIVIL ACTION |
| NORMAN E. ELMER, | ) | No. 19-2231-KHV |
| | ) | |
| Defendant. | ) | |

## MEMORANDUM AND ORDER

On March 11, 2009, the Court sentenced defendant to 18 months in prison and five years of supervised release. This matter is before the Court on defendant's letter (Doc. #92) filed April 29, 2019, which the Court construes as a motion for a writ of coram nobis. For reasons stated below, the Court overrules defendant's motion.

## Procedural Background

On February 27, 2008, a grand jury indicted defendant for failing to update a registration under the Sex Offender Registration and Notification Act ("SORNA") in violation of 18 U.S.C. § 2250. See Indictment (Doc. #1). Defendant filed a motion to dismiss which asserted that (1) Section 2250 is invalid because Congress lacked authority under the Commerce Clause to criminalize a local sex offender's failure to register in a state-created registry; (2) SORNA's registration requirements were invalid because Congress lacked authority under the Commerce Clause to force citizens who have been convicted under state law to register as sex offenders; (3) as applied to his travel before February 28, 2007 (when the Attorney General issued the interim rule), SORNA violated the ex post facto clause; (4) Section 2250 was not made retroactive to offenses which occurred before its effective date and even if it was retroactive, defendant's prosecution

violated the ex post facto clause; (5) the Attorney General's regulation was invalid because it was issued without a notice and comment period in violation of the Administrative Procedure Act; (6) SORNA violated the non-delegation doctrine because Congress attempted to delegate to the Attorney General the power to determine the retroactivity of the registration requirements; (7) defendant's prosecution under Section 2250 violated his right to due process because he did not receive notice of SORNA's requirements when he was convicted of the underlying offense, it was impossible for him to comply with SORNA because Kansas has not adopted a SORNA-compliant registry and he could not "knowingly" violate SORNA because no state had adopted a SORNA-compliant registry; (8) Section 2250 violated the Tenth Amendment because it forced state officials to enforce a federal regulatory scheme; and (9) as applied, SORNA infringed on defendant's constitutional right to travel. On September 23, 2008, the Court overruled defendant's motion to dismiss. See Memorandum And Order (Doc. #34).

On November 24, 2008, defendant pled guilty to failing to update a registration under SORNA. On March 11, 2009, the Court sentenced defendant to 18 months in prison and five years of supervised release. See Judgment In A Criminal Case (Doc. #47). Defendant did not appeal. On April 29, 2011, after defendant violated the terms of his supervised release, the Court sentenced him to eight months in prison and five years of supervised release. See Judgment In A Criminal Case (Doc. #59). On November 3, 2015, after defendant again violated the terms of his supervised release, the Court sentenced him to 21 months in prison with no supervised release to follow. See Judgment In A Criminal Case (Doc. #86). On March 16, 2017, the Bureau of Prisons released defendant.

On October 3, 2016, defendant filed a motion to expunge his conviction because (1) SORNA was not in effect in 1981 when he was convicted of a sex offense and (2) he is fully rehabilitated. On October 11, 2016, the Court overruled defendant's motion. See Memorandum And Order (Doc. #88).

On February 24, 2017, defendant filed a letter which the Court construed as a motion to vacate his conviction under 28 U.S.C. § 2255. Defendant's motion asserted that his conviction for failure to update his registration was erroneous and his name should be removed from the sex offender registry because (1) the indictment did not allege that he received notice of the requirement to register under SORNA and (2) the record demonstrates that he did not in fact receive notice until his arrest in this case. See Doc. #89 at 6. On April 20, 2017, the Court overruled defendant's motion and denied a certificate of appealability. See Memorandum And Order (Doc. #91).

On April 29, 2019, defendant filed the instant letter which asks the Court to vacate or expunge his conviction and remove his name from the sex offender registry.

## Analysis

Defendant argues that his conviction for failure to update his registration was erroneous because (1) he did not in fact receive notice of the requirement to register under SORNA until his arrest in this case and (2) his 1981 conviction in California did not involve an underage female. See Doc. #92 at 1-6. Because defendant is no longer in custody, the Court construes his present letter as a motion for a writ of coram nobis under 28 U.S.C. § 1651. See Chaidez v. United States, 568 U.S. 342, 345 n.1 (2013) (petition for writ of coram nobis provides way to collaterally attack

criminal conviction for person no longer in custody and therefore cannot seek habeas relief under 28 U.S.C. §§ 2255 or 2241); Rawlins v. Kansas, 714 F.3d 1189, 1196 (10th Cir. 2013) (coram nobis applies where petitioner alleges defects that existed before judgment that would otherwise be raised in habeas proceedings but for petitioner no longer being in custody).

A writ of error coram nobis is available only to correct errors resulting in a complete miscarriage of justice, or under circumstances compelling such action to achieve justice. United States v. Bustillos, 31 F.3d 931, 934 (10th Cir. 1994); see 28 U.S.C. § 1651(a). To obtain relief, petitioner must demonstrate that (1) he diligently pursued the claim, (2) other remedies are unavailable or inadequate and (3) a fundamental error occurred, i.e. the error resulted in a complete miscarriage of justice. United States v. Thody, 460 F. App'x 776, 778 (10th Cir. 2012) (citing United States v. Morgan, 346 U.S. 502, 511-12 (1954) and Embrey v. United States, 240 F. App'x 791, 793-94 (10th Cir. 2007)).

Defendant fails to show that other remedies are unavailable or inadequate. Defendant filed a motion to dismiss which raised several of the claims in his current motion, but the Court overruled the motion. See Memorandum And Order (Doc. #34). Defendant did not appeal his conviction or sentence. Defendant filed similar claims seeking to vacate his conviction under Section 2255, but the Court overruled that motion. See Memorandum And Order (Doc. #91). Defendant cannot use the writ of coram nobis to raise issues that were or could have been raised on direct appeal or in a motion under 28 U.S.C. § 2255. See Embrey, 240 F. App'x at 794; see also United States v. Perceval, 563 F. App'x 592, 594 (10th Cir. 2014) (defendant not entitled to relief because remedies of direct appeal and Section 2255 were adequate); Bradshaw v. Story, 86

F.3d 164, 166 (10th Cir. 1996) (failure to obtain relief under Section 2255 does not establish that remedy is either inadequate or ineffective).

Defendant also has not shown a "complete miscarriage of justice." Bustillos, 31 F.3d at 934. Defendant argues that before he was arrested in this case, he lacked actual notice of a registration requirement. As explained in a prior order, actual notice that federal law required him to update his registration is not an essential element of the charge. Memorandum And Order (Doc. #34) at 15-17 (citations omitted). In addition, the record belies defendant's claim that he did not have actual notice.[1] Defendant's alternative claim that his name should be removed from

---

[1] After the Court overruled defendant's motion to dismiss, he pled guilty to knowingly failing to update his registration under SORNA. See Petition To Enter Plea Of Guilty And Order Entering Plea (Doc. #39) at 1; Plea Agreement Pursuant To Fed. R. Crim. P. 11(c)(1)(C) (Doc. #39-1), ¶ 1 ("defendant admits to knowingly committing this offense"). As part of his plea, defendant admitted that on August 8, 1991, he signed a notification from California authorities acknowledging that "he understood he was required to register within 14 days of moving into a new city or county with the law enforcement agency having jurisdiction over where he resided" and that "if he changed his address he was required to provide written notification to the last law enforcement agency with which he was registered within 10 days after moving." Plea Agreement, ¶ 2. Defendant also admitted that in February or March of 2007, he signed a notification from New York authorities acknowledging that he had a duty to inform them of "any intended address change within 10 days prior to moving." Id. In addition, the Court notes that in his letter filed in October of 2016, he did not deny that he had committed the underlying crime in 1981. See Letter (Doc. #87) filed October 3, 2016 at 1-2. Instead, he asked for leniency because he had not been accused of "any other sex type offense" since 1981 and SORNA was not in effect at the time of the underlying offense. Id. at 1. Defendant did not dispute that he knew of the reporting requirement. Likewise, the Presentence Investigation Report ("PSIR") reflects that when he was arrested, defendant told a law enforcement officer that he had moved to Kansas so that he would not be known as a sexual offender. See PSIR ¶ 11. He also told the officer that he should not have to register as the prior "crime was a one time mistake and occurred a long time ago, prior to the law requirement for registering." Id. Defendant's prior motion also reflects that he and his counsel knew about the basis of his present arguments before he pled guilty. See Doc. #89 at 2 (during pendency of charges, counsel verified that no underage victim was involved in prior conviction but inexplicably failed to tell court); see also id. at 6 (pleaded guilty only on counsel's advice despite lack of knowledge about requirement to register).

the sex offender registry because his 1981 conviction in California did not involve an underage female lacks factual support. It appears that the age of the victim was not an essential element of the 1981 conviction and that the offense triggered a reporting requirement under SORNA because it involved "force, violence, duress, menace or threat of great bodily harm." PSIR ¶ 34; see 42 U.S.C. § 16911. Defendant has not presented credible evidence that a "complete miscarriage of justice" occurred.

**IT IS THEREFORE ORDERED** that defendant's letter (Doc. #92) filed April 29, 2019, which the Court construes as a motion for a writ of error coram nobis, is **OVERRULED**.

Dated this 7th day of August, 2019 at Kansas City, Kansas.

> s/ Kathryn H. Vratil
> KATHRYN H. VRATIL
> United States District Judge